IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

FREDRICK MOON                                                                                       PLAINTIFF

v.                                      Civil No. 4:18-cv-4062

SHERIFF JACKIE RUNION;
WARDEN JEFFIE WALKER;
CAPTAIN GOLDEN ADAMS;
SERGEANT ALLEN GRIFFEN;
LIEUTENANT MILLER                                                                              DEFENDANTS

**ORDER**

On April 24, 2018, Clifton O. Solomon filed a civil rights case pursuant to 42 U.S.C. §1983 on his own behalf and on behalf of various other inmates of the Miller County Detention Center ("MCDC"), including Plaintiff Fredrick Moon. Because Clifton Solomon could not represent other inmates, the claims were severed and this separate case was opened on behalf of Plaintiff.

On April 24, 2018, the Court entered an order directing Plaintiff to file an amended complaint and an *in forma pauperis* ("IFP") application by May 15, 2018. (ECF No. 2). On May 8, 2018, all mail sent to Plaintiff by the Court was returned as undeliverable with a notation that he was no longer incarcerated in the MCDC. (ECF No. 4). No other address is available to the Court. To date, Plaintiff has not filed an amended complaint or an IFP application, nor has he communicated with the Court in any way.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to obey an order of the Court and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 18th day of June, 2018.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge